**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GONZALO ALBELO GONZALEZ, | Case No. 2:14-cv-01282-APG-GWF |
| Petitioner, | |
| v. | **ORDER DENYING MOTION FOR STAY AND ABEYANCE** |
| BRIAN E. WILLIAMS, *et al.*, | (Dkt. #16) |
| Respondents. | |

Nevada state prisoner Gonzalo Albelo Gonzalez brings this § 2254 petition to challenge his 2010 Nevada state court conviction for burglary and petit larceny and resultant adjudication as a habitual criminal.[1] After respondents filed a motion to dismiss in which they argued that Gonzalez's petition is partially unexhausted, Gonzalez filed the instant motion for stay and abeyance.[2]

Stay and abeyance is available only in limited circumstances.[3] "Because granting a stay and abeyance effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court."[4] Even if a petitioner had good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."[5] But, "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

---

[1] (*See* Dkt. #4.)

[2] (Dkt. #16.)

[3] *Rhines v. Weber*, 544 U.S. 269 (2005).

[4] *Id.* at 277.

[5] *Id.*

indication that the petitioner engaged in intentionally dilatory litigation tactics," then "the district court should stay, rather than dismiss, the mixed petition."[6]

"Err[ing] on the side of caution," Gonzalez requests that I stay and abey this case so that he can return to state court to exhaust any claims that "may be" unexhausted.[7] Gonzalez argues that he has not engaged in intentionally dilatory litigation tactics and that he has good cause for failing to first exhaust his state court remedies because he is pro se and of Cuban descent.[8]

I decline to grant Gonzalez a stay and abeyance at this time both because he has not shown good cause for his failure to exhaust and because I have not yet determined whether Gonzalez has filed a mixed petition and, if so, which of his claims are unexhausted. I therefore deny Gonzalez's motion without prejudice to his ability to file a new motion for stay and abeyance after I have ruled on respondents' dismissal motion. Gonzalez is cautioned that, to show good cause, he must "set forth a reasonable excuse[] supported by sufficient evidence" to justify his failure to exhaust his claims in state court.[9] Though good cause does not require a showing of "extraordinary circumstances"[10] Gonzalez may not show good cause simply by alleging that he was "under the impression" that his claim[s] [were] exhausted"[11] because of his pro se status.

IT IS THEREFORE ORDERED that Gonzalez's Motion for Stay and Abeyance (**Dkt. #16) is DENIED** without prejudice to his ability to file a new motion for stay and abeyance after respondents' motion to dismiss (Dkt. #6) has been resolved.

DATED this 30th day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[6] *Id.* at 278.

[7] (Dkt. #16 at 2.)

[8] (*Id.* at 5.)

[9] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

[10] *Jackson v. Roe*, 425 F.3d 654, 661—62 (9th Cir. 2005).

[11] *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).